United States District Court
Southern District of Texas
**ENTERED**
October 20, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:19-47 |
| | § | |
| MARK A. FLORES, | § | |
|   Defendant. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant Mark A. Flores' Application for Modification of Sentence Pursuant to 18 U.S.C. Section 3582(c)(1)(A)(i) as a Result of COVID-19. D.E. 30.

**I. BACKGROUND**

In 2019, Defendant pled guilty to being a felon in possession of a firearm and ammunition. He has served 22 months (31%) of his 70-month sentence and has a projected release date, after good time credit, of March 5, 2024. Defendant now moves the Court to reduce his sentence to 48 months—which he says will cause him to be immediately released to home confinement—because his underlying medical conditions (asthma, seasonal allergies, and anxiety) make him particularly vulnerable to severe illness or death should he contract COVID-19 in prison.

Defendant submitted an administrative request for a sentence reduction based on debilitating medical condition (asthma and anxiety) on July 17, 2020. D.E. 30-1. The warden at FCI Three Rivers denied the request, explaining that Defendant did not meet the conditions for compassionate release and that he is "receiving appropriate medical care and treatment by Health Services staff." D.E. 30-4. Defendant submitted a second request for a sentence reduction on

1

August 21, 2020, because "my immediate family and I have been directly impacted by the world COVID-19 pandemic" (D.E. 30-2), but it is unclear what response he received, if any.

## II. LEGAL STANDARD

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under limited circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) *extraordinary and compelling reasons warrant such a reduction* . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The applicable United States Sentencing Commission policy statement provides that extraordinary and compelling reasons for early release exist where:

> **(A) Medical Condition of the Defendant.—**
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

>  >  (ii) The defendant is—
>  >  >  (I) suffering from a serious physical or medical condition,
>  >  >  (II) suffering from a serious functional or cognitive impairment, or
>  >  >  (III) experiencing deteriorating physical or mental health because of the aging process,
>  >
>  >  that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
>  **(B) Age of the Defendant. –**
>  The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;
>
>  **(C) Family Circumstances. –**
>  >  (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>  >
>  >  (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
>  **(D) Other Reasons. –**
>  As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of

3

the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The Court must also consider whether a reduction is consistent with the applicable section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The applicable statutory factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with, among other things, any needed medical treatment; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7).

With respect to motions for compassionate release based on COVID-19:

> A review of a motion for release based on COVID-19 is highly fact-intensive and dependent on the specific conditions of confinement and medical circumstances faced by the defendant. Hence, a prisoner cannot satisfy his burden of proof by simply citing to nationwide COVID-19 statistics, asserting generalized statements on conditions of confinement within the BOP, or making sweeping allegations about a prison's ability or lack thereof to contain an outbreak. . . . [T]he rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person.

*United States v. Koons*, 2020 WL 1940570, at *4 & n.8 (W.D. La. Apr. 21, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

**III. ANALYSIS**

Defendant is 38 years old and has served less than one third of his sentence. He claims to have a history of asthma, seasonal allergies, and anxiety; however, he has offered no evidence supporting his claim that he suffers from any underlying medical condition that would make him particularly vulnerable to severe illness or death should he contract COVID-19.[1] The BOP also has not determined that any other extraordinary and compelling reason exists to support Defendant's release.

Even if he is asthmatic, the Court finds that any potential risk to Defendant's health should he contract COVID-19 in prison is outweighed by the danger to the community if he is released. Defendant was convicted of being a felon in possession of a firearm and ammunition after he forced women into a vehicle at gunpoint, and his sentence was enhanced because he used the firearm in connection with felony kidnapping. According to the Presentence Investigation Report (D.E. 22), Defendant is a documented member of the street gang Tango Corpitos. His scored criminal history included prior convictions for aggravated assault (two convictions) and possession with intent to distribute crack cocaine. His unscored criminal history included additional convictions for evading detention, possession of marijuana, unlawfully carrying a weapon (two convictions), possession of cocaine, and evading arrest. His other

---

1. According to the Centers for Disease Control and Prevention, older adults (age 65 and above) and people of any age who have certain underlying medical conditions are at higher risk for severe illness from COVID-19. *People with Certain Medical Conditions*, CDC (Sept. 11, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. People of any age with the following conditions *are* at increased risk of severe illness from COVID-19: Cancer, Chronic kidney disease; COPD (chronic obstructive pulmonary disease); Immunocompromised state from solid organ transplant; Obesity; Serious heart conditions, such as heart failure, coronary artery disease, or cardiomyopathies; Sickle cell disease; and Type 2 diabetes mellitus. People with the following conditions *might be* at an increased risk for severe illness from COVID-19: Asthma (moderate-to-severe); Cerebrovascular disease; Cystic fibrosis; Hypertension; Immunocompromised state from blood or bone marrow transplant, immune deficiencies, HIV, use of corticosteroids, or use of other immune weakening medicines; Neurologic conditions, such as dementia; Liver disease; Pregnancy; Pulmonary fibrosis; Smoking; Thalassemia; and Type 1 diabetes mellitus.

criminal conduct included charges for discharging a firearm, aggravated assault, and assault – family violence by impeding breath or circulation.

The Court further finds that the § 3553(a) factors, as considered in the specific context of the facts of Defendant's case, do not warrant a reduction in his sentence. Specifically, reducing Defendant's sentence by roughly four years when he has served less than a third of his sentence would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, nor would it deter criminal conduct or protect the public from further crimes.

## IV. EIGHTH AMENDMENT CLAIMS

To the extent Defendant wishes to pursue his claims for "cruel and unusual punishment under the Eighth Amendment" for requiring him to serve the remainder of his sentence "in these present conditions," he may file a separate civil action. However, the Court does not have the statutory authority to reduce Defendant's sentence based on the alleged conditions of confinement.

## V. CONCLUSION

For the foregoing reasons, Defendant's Application for Modification of Sentence Pursuant to 18 U.S.C. section 3582(c)(1)(A)(i) as a Result of COVID-19 (D.E. 30) is **DENIED**.

It is so **ORDERED** this 6th day of October, 2020.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE